**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Bond, <br><br>   Plaintiff, <br><br> v. <br><br> Wells Fargo Bank NA, <br><br>   Defendant. | No. CV-24-08098-PCT-DWL <br><br> **ORDER** |

Jennifer Bond ("Plaintiff") has sued her former employer, Wells Fargo Bank NA ("Wells Fargo"), for gender- and age-based discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), as well as for retaliation in violation of Title VII.

Now pending before the Court is Wells Fargo's motion to dismiss. (Doc. 10.) For the reasons that follow, Wells Fargo's motion is denied.

**BACKGROUND**

I.  Summary Of Factual Allegations, Facts Incorporated By Reference, And Judicially Noticeable Facts

   A.   *Bond I*

"In September 2017, [Plaintiff] was first hired as a contractor for Wells Fargo . . . [then] in February 2018, Wells Fargo hired her full time as an Operational Risk Consultant 5, the most senior level position of this role before becoming management." (Doc. 1 ¶ 5.)

"On or around June of 2018, [Plaintiff] completed a companywide annual online survey where she complained about the discriminatory behavior of her supervisor, Craig Snider" ("Snider"). (*Id.* ¶ 9.) Snider would "frequently mak[e] condescending and disparaging comments to [Plaintiff]," criticize her communication style, and "humiliate[] her in front of her team over these issues." (*Id.* ¶¶ 10-11.) Snider would also make "agist comments" toward Plaintiff, such as "You have fewer years to retirement than me" and "You're more senior than the others you should know better." (*Id.* ¶¶ 12-13.)

"On February 22, 2019, Snider wrote an inaccurate and negative performance review of [Plaintiff]" and "[a]s a result, [Plaintiff] lost her bonus for that year and did not receive a raise." (*Id.* ¶¶ 14-15.) Plaintiff reported Snider's actions to other Wells Fargo supervisors. (*Id.* ¶ 16.) However, these reports resulted in Plaintiff being "treated like a 'troublemaker'" (*id.* ¶ 21) and, in April 2019, transferred to a new manager (*id.* ¶ 24). Over the next year, Plaintiff continued to experience harassment from supervisors (*id.* ¶¶ 25, 29); was functionally demoted during a "reorganization" (*id.* ¶¶ 26-27); was transferred a second time (*id.* ¶ 30); and was forced to apply for an internal role below her qualification level (*id.* ¶¶ 31-32). In the meantime, "lesser qualified people" were promoted. (*Id.* ¶ 32.)

On January 17, 2020, Plaintiff filed an EEOC Charge against Wells Fargo, alleging discrimination based on age and sex. (*Id.* ¶ 34; Doc. 10-1 at 54-55.)

On May 10, 2021, after receiving a right-to-sue letter from the EEOC, Plaintiff filed a lawsuit against Wells Fargo, captioned *Bond v. Wells Fargo Bank NA*, No. CV-21-00830-PHX-JJT (D. Ariz. 2021) ("*Bond I*"). (Doc. 1 ¶ 35; *Bond I*, Doc. 1.)

Between March 2022 and January 2023, Plaintiff filed two more EEOC charges against Wells Fargo and twice amended her complaint in *Bond I*. (Doc. 1 ¶¶ 37, 50, 56; *Bond I*, Docs. 42, 72.) Each time Plaintiff filed a successive EEOC charge, she alleged additional discrimination and retaliation based on sex and age. (Doc. 1 ¶¶ 38-56.) For example, in her second EEOC charge, Plaintiff alleged that a different supervisor, Joe Prudente ("Prudente"), "made sexist comments towards [her]" describing her as "'bitchy,' 'aggressive,' and 'bossy.'" (Doc. 1 ¶ 39; Doc. 10-1 at 57.)

Each time Plaintiff filed a successive EEOC charge, she received a new right-to-sue letter from the EEOC. (Doc. 1 ¶¶ 50, 56.) Eventually, however, the court in *Bond I* ordered that "[a]s a matter of judicial efficiency and repose . . . Plaintiff will not be permitted to further amend the complaint in this matter beyond the Fourth Amended Complaint . . . . Thereafter, Plaintiff may bring any new allegations against [Wells Fargo] in a separate lawsuit." (*Bond I*, Doc. 70 at 8.)

On March 8, 2023, Plaintiff filed her fourth and final amended complaint in *Bond I*. (*Bond I*, Doc. 81.)

On August 20, 2024, the parties filed a notice of settlement and a motion to stay the remaining case deadlines while they finalized "a mutually agreeable settlement agreement." (*Bond I*, Doc. 179.)

On November 13, 2024, the parties stipulated to dismiss *Bond I* with prejudice." (*Bond I*, Doc. 194.) The following day, the court ordered the matter dismissed. (*Bond I*, Doc. 195.)

B. ***Bond II***

In this action, Plaintiff alleges that Wells Fargo continued to harass, discriminate, and retaliate against her even after she filed her third EEOC charge and her fourth amended complaint in *Bond I*. For instance:

• On March 28, 2023, Plaintiff's manager, Travis Witt ("Witt"), "sent a widely distributed email to [Plaintiff]'s personal email, during non-work hours chastising her communication style." (Doc. 1 ¶ 64.)

• On April 20, 2023, Witt sent another email "where he stated that [Plaintiff] did terrible work and that her work was the poorest on the team." (*Id.*)

• "In May 2023, Wells Fargo initiated an internal investigation into [Plaintiff's] protected activity of recording conversations with her supervisors to submit to the EEOC investigator." (*Id.* ¶ 65.)

• "On June 28, 2023, Wells Fargo terminated [Plaintiff]." (*Id.* ¶ 66.)

On January 24, 2024, Plaintiff filed a fourth EEOC charge against Wells Fargo (the

"Final Charge"), alleging discrimination and retaliation specifically related to her termination. (Doc. 1 ¶ 73; Doc. 10-1 at 61-63.) After Plaintiff received a notice of right to sue from the EEOC (Doc. 1 ¶ 74), and consistent with the court's directive in *Bond I* (*Bond I*, Doc. 70 at 8), she initiated this lawsuit (Doc. 1). The complaint alleges some facts occurring after Plaintiff filed her final amended complaint in *Bond I* (Doc. 1 ¶¶ 64-66) but also references some earlier acts of alleged discrimination that gave rise to *Bond I* and the first three EEOC charges (the "Earlier Charges"). For example, the complaint alleges that:

> 79. Wells Fargo subjected [Plaintiff] to sex discrimination when she was treated differently than her male coworker by the following supervisors: Snider, Ritucci, Kumar, Prudente, Borchardt, Molloy, and Witt.
>
> . . .
>
> 81. Wells Fargo further subjected [Plaintiff] to sex discrimination when her supervisor, Prudente, used gendered language toward [Plaintiff] to describe her communications, calling her "bitchy," "bossy," and "aggressive." He did not use these comments when male coworkers communicated in a similar style.
>
> 82. Wells Fargo further subjected [Plaintiff] to sex discrimination by terminating her while promoting at least 5 male individuals to roles that [Plaintiff] was more qualified for, had more years of experience, had industry certification they did not hold.
>
> . . .
>
> 88. [Plaintiff] was told by her supervisor that she was closer to retirement than he was. That same supervisor later wrote a false and negative performance review for her and . . . another team member. Both were the oldest members of the team. These acts support [Plaintiff's] claim that she was terminated due to her age.
>
> 89. Wells Fargo[] treat[ed] [Plaintiff] differently than younger coworkers by the following supervisors: Snider, Ritucci, Kumar, Prudente, Borchardt, Molloy, and Witt. Under their supervision, [Plaintiff] experienced being belittled, berated, and chastised in front of her entire team, that younger coworkers did not experience . . . this long history of age discrimination supports [Plaintiff's] claim that her termination was based on her age.

(*Id.* ¶¶ 79, 81-82, 88-89.)

…

II. Procedural History

On October 11, 2024, Wells Fargo filed the pending motion to dismiss. (Doc. 10.)

On October 25, 2024, Plaintiff filed a response. (Doc. 11.)

On November 1, 2024, Wells Fargo filed a reply. (Doc. 12.)[1]

**DISCUSSION**

I. Legal Standards

A. **Motion To Dismiss**

Under Rule 12(b)(6), "to survive a motion to dismiss, a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

B. **Consideration Of Documents Outside The Pleadings**

Wells Fargo argues that "[t]he Court may consider plaintiff's EEOC charges for purposes of assessing whether jurisdiction prerequisites of a lawsuit have been met without converting the motion to dismiss to a motion for summary judgment." (Doc. 10 at 6 n.2.) Wells Fargo also argues that "Plaintiff has incorporated her EEOC charges by reference in her Complaint at paragraphs 34-35, 50, 56, and 73." (*Id.* at 7.)

"Generally, the scope of review on a motion to dismiss for failure to state a claim is

---

[1] Wells Fargo's request for oral argument is denied because the issues are fully briefed and oral argument will not aid the decisional process. *See* LRCiv 7.2(f).

- 5 -

1  limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). For materials incorporated by reference, "[a] court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder*, 450 F.3d at 448. A court may also "take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "[W]hen a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* at 690 (citation omitted).

The Court agrees that it may consider the documents attached to Wells Fargo's motion. Neither party has disputed the authenticity of those documents and the complaint refers explicitly to *Bond I* and to Plaintiff's various EEOC charges. Plaintiff does not argue that consideration of these documents is improper and the remaining documents are subject to judicial notice.[2]

…

…

---

[2] Wells Fargo is incorrect to the extent it argues the Court may consider these documents to determine "jurisdiction prerequisites." (Doc. 10 at 6 n.2.) Before 2019, the Ninth Circuit characterized Title VII's charge-filing requirement as "jurisdictional" in nature. *See, e.g.*, *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies . . . by filing a timely charge with the EEOC . . . ."). However, in 2019, the Supreme Court granted certiorari "to resolve a conflict among the Courts of Appeals over whether Title VII's charge-filing requirement is jurisdictional" and concluded that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty., Tex. v. Davis*, 587 U.S. 541, 547, 551 (2019).

II.  Merits

    A.  **The Parties' Arguments**

Wells Fargo argues that "[i]n connection with her sex and age discrimination claims, Plaintiff alleges several discrete acts that are time-barred and must therefore be dismissed with prejudice." (Doc. 10 at 4.) According to Wells Fargo, a plaintiff must "file an administrative charge with the EEOC . . . for each discrete discriminatory act within 300 days or lose the ability to recover for it." (*Id.* at 5.) Wells Fargo also notes that once a plaintiff files a charge, she "must file a lawsuit within 90 days of receipt of the right-to-sue letter from the EEOC" or "the action is barred." (*Id.* at 5, 7, citations omitted.) According to Wells Fargo, these timeframes are significant because (1) the complaint includes some references to alleged discriminatory conduct that occurred more than 300 days before Plaintiff filed the Final Charge; and (2) more than 90 days have passed since Plaintiff received right-to-sue letters regarding the Earlier Charges. (*Id.* at 7-11.) Wells Fargo places particular emphasis on the allegations in paragraphs 79, 81, 82, 88, and 89 of the complaint, arguing that they refer to discrete discriminatory acts that took place "well before March 30, 2023," *i.e.*, more than 300 days before Plaintiff filed the most recent EEOC Charge. (*Id.* at 8-11.) Finally, Wells Fargo also argues that because "Plaintiff has agreed to dismiss the claims in her First Lawsuit with prejudice . . . those claims cannot be asserted as the basis of her claims in this action." (*Id.* at 12.)

In response, Plaintiff argues that "the motion fails to identify any of the three counts that can be dismissed." (Doc. 11 at 2.) To the contrary, Plaintiff argues that she has satisfied Rule 8's pleading requirement, which only requires her to "provide a short and plain statement of the claim showing that [she] is entitled to relief." (*Id.* at 7, cleaned up.) Plaintiff also argues that her sex and age discrimination claims are not time-barred because "the claims and the counts [in the complaint] are limited to the fourth charge and adverse employment actions alleged therein" and that any "[r]eferences to the prior events, including prior claims," are merely offered to "provide support for Wells Fargo's discriminatory intent, an element in the current claims." (*Id.*) More specifically, Plaintiff

argues that paragraphs 79, 81, 82, 88, and 89 of the complaint "are being provided as background information and in support of the employer's discriminatory intent." (*Id.* at 6.) These allegations are necessary, Plaintiff argues, because "the full context of the discrimination and retaliation perpetrated against [her] can only be understood with the context of the events that gave rise to the previous discrimination lawsuit" and because she "alleges that she was terminated, at least in part, due to cooperating with the EEOC." (*Id.* at 6-7. *See also* Doc. 1 ¶ 5 n.1.) Plaintiff also distinguishes her case from one of the cases cited by Wells Fargo, arguing that she "has diligently pursued her Title VII claims." (Doc. 11 at 6-7.)

In reply, Wells Fargo reiterates its contention that Plaintiff is seeking recovery for "time-barred allegations." (Doc. 12 at 2.) According to Wells Fargo, "the allegations at issue are not merely background information" because they "are included in Counts I and II of the Complaint" and Plaintiff alleges "that the conduct alleged within those Counts constitutes unlawful discrimination" that entitles her to relief. (*Id.*) Wells Fargo further argues that [a]lleged acts outside the limitations period . . . may only be considered by the Court for purposes of a hostile work environment claim" yet "Plaintiff has not alleged a prima facie case of hostile work environment." (*Id.* at 2-3, capitalization omitted.) Alternatively, Wells Fargo argues that even if Plaintiff had alleged a hostile work environment claim, "it would necessarily fail . . . [b]ecause Plaintiff's fourth EEOC charge contains no mention of a hostile work environment claim, [and] she has not properly administratively exhausted such a claim." (*Id.* at 6-7.) Last, Wells Fargo reiterates its contention that Plaintiff cannot seek recovery for the claims she agreed to dismiss in her previous lawsuit, *Bond I*. (*Id.* at 7.)

### B. **Analysis**

#### 1. Timeliness

The complaint asserts three distinct counts: (1) sex discrimination under Title VII (Count One); (2) age discrimination under the ADEA (Count Two); and (3) retaliation under Title VII (Count Three). (Doc. 1 ¶¶ 75-90.) Wells Fargo only challenges Counts

One and Two.

Title VII "makes it 'an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 63 (1986) (quoting 42 U.S.C. § 2000e-2(a)(1)). Similarly, under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" when such individual is "at least 40 years of age." 29 U.S.C. §§ 623(a), 631(a). "Before a plaintiff may file a Title VII or ADEA suit in federal court, she must first file a charge with the EEOC. Additionally, Plaintiff's charge must be filed with the EEOC 'within 300 days after the alleged unlawful practice occurred.'" *Bond v. Wells Fargo Bank NA*, 2021 WL 5850877, *3 (D. Ariz. 2021) (citations omitted).[3] "[U]nlawful employment practices" include "numerous discrete acts," such as failure or refusal to hire, discharge, or discrimination with respect to an individual's compensation. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002) (citing 42 U.S.C. § 2000e-2). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113.

If the EEOC issues a right-to-sue letter, the plaintiff then has 90 days to file a lawsuit. *Scott v. Gino Morena Enterprises, LLC*, 888 F.3d 1101, 1113 (9th Cir. 2018) ("[T]he 90–day period for an aggrieved person to file a civil action under Title VII begins when the person is given notice of the right to sue from the EEOC . . . .") "This ninety-day period is a statute of limitations. Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred." *Nelmida v. Shelly Eurocars*, *Inc.*, 112

---

[3] "[B]ecause Arizona has its own state agency empowered to investigate and remedy allegations of discrimination in employment, Arizona is a so-called deferral state." *Cox v. Glob. Tool Supply LLC*, 2022 WL 4356915, *4 n.2 (D. Ariz. 2022) (internal quotations omitted). In deferral states, the deadline for a complainant to file a claim with the EEOC is extended from the ordinary 180 days to 300 days if the complainant first initiates proceedings with the state agency. *Id.* Additionally, "where, like here, the ACRD and EEOC are parties to a worksharing agreement, a complainant ordinarily need not file separately with federal and state agencies." *Id.* (internal quotations omitted).

F.3d 380, 383 (9th Cir. 1997) (citation omitted).

Wells Fargo does not dispute that Plaintiff filed a timely EEOC charge (*i.e.*, the Final Charge) with respect to her June 28, 2023 termination, that Plaintiff could not file suit based on that termination until the EEOC issued a right-to-sue letter, or that Plaintiff initiated this lawsuit within 90 days of receiving the final right-to-sue letter. Nor does Wells Fargo dispute that Plaintiff's termination is a discrete discriminatory act for purposes of Title VII and the ADEA. Instead, Wells Fargo's argument is that paragraphs 79, 81, 82, 88, and 89 of the complaint are improper because they are premised on other discrete discriminatory acts that occurred more than 300 days before Plaintiff filed the Final Charge and/or because those other acts were referenced in the Earlier Charges yet Plaintiff filed this action more than 90 days after receiving right-to-sue letters regarding the Earlier Charges. Plaintiff, for her part, concedes that her claims in this action should be limited to the actions included in her Final Charge but argues that paragraphs 79, 81, 82, 88, and 89 are not being alleged as independent claims, but rather as "background evidence" that helps establish Wells Fargo's discriminatory intent.

In *Morgan*, the Supreme Court explained: "The existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.*" 536 U.S. at 110 (emphasis added). *See also United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) ("A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences."). The Ninth Circuit has thus held that the admissibility of time-barred discriminatory acts is limited only by the Federal Rules of Evidence. *Lyons v. England*, 307 F.3d 1092, 1110 (9th Cir. 2002) (discussing the

1    application of Rules 401 and 403 to determine the admissibility of time-barred
2    discriminatory acts).

3          Although applying *Evans*, *Morgan*, and *Lyons* is straightforward in the context of
4    evidentiary disputes, district courts disagree about how to treat allegations of time-barred
5    discriminatory conduct at the pleading stage of a disparate-treatment case.[4]  Some courts
6    deem such allegations improper, reasoning that evidentiary questions are better reserved
7    for later stages of litigation and "the admissibility of evidence . . . does [not] provide a basis
8    for the inclusion of untimely allegations in a complaint."  *See, e.g., Moreno v. City of*
9    *Porterville*, 2022 WL 14128245, *13 (E.D. Cal. 2022).  *See also id.* ("[T]his conduct may
10   be admissible as evidence to support a potentially viable claim at a more appropriate stage
11   of litigation, but that time is not now.").  However, other courts have declined to order
12   dismissal due to the presence of factual allegations concerning otherwise time-barred
13   discriminatory conduct.  *Brodus v. Mar. Inn & Air Force Servs. Agency*, 2022 WL
14   2286476, *11 (C.D. Cal. 2022) ("Even assuming that certain of the allegations in the TAC
15   concern matters that could not be advanced because the claims are not timely, the
16   allegations could still constitute prior acts of discrimination that can be used 'as
17   background evidence to support a timely claim.'").  *See also Walsh v. J.B. Hunt Transp.*
18   *Inc.*, 2023 WL 1800962, *4 (D. Ariz. 2023) ("[S]uch allegations may still be included in
19   the Complaint to the extent they serve as 'background evidence' in support of a timely
20   claim for actionable discrimination.") (cleaned up).

21         The Court finds the latter line of cases persuasive.  First, they are consistent with

---

[4] As Wells Fargo notes in its reply, an act may be considered part of a timely hostile work environment claim even if occurred more than 300 days before the filing of an EEOC charge.  *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005) ("*Morgan* does not call for the most egregious of the harassing events to occur within the 300-day period, nor does it demand that the harassing conduct continue to escalate over time in order for a hostile-environment claim to be actionable."); *Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) ("In contrast to discrete acts . . . claims based on a hostile environment will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.") (cleaned up).  Wells Fargo is mistaken, though, in its belief that the absence of a hostile work environment claim in this case means Plaintiff is categorically barred from referencing acts that occurred more than 300 days before she filed the Final Charge—as discussed in the body of this order, such acts may still provide "background evidence" in support of Plaintiff's disparate-treatment claims.

the Ninth Circuit's observation in *Lyons* that "[a]t the initial stage of a case of disparate treatment, appropriate background evidence will be evidence, either direct or circumstantial, that, when combined with evidence of the employer's present conduct, gives rise to an inference of unlawful discrimination." *Lyons*, 307 F.3d at 1110-11 (cleaned up). This passage suggests that, at least in disparate-treatment cases, a plaintiff should be permitted to plead time-barred discriminatory acts to help establish a prima facie case. "Although making a prima facie case is an evidentiary requirement and not a pleading standard, this requirement lends guidance to the Court's determination of whether [plaintiff] has sufficiently alleged a . . . claim under *Twombly* and *Iqbal*." *Smith v. Illinois School District U-46*, 120 F. Supp. 3d 757, 770 (N.D. Ill. 2015). Second, under Rule 8(a)(2), a complaint is only required to include "[a] short and plain statement of the claim showing that the pleader is entitled to relief." When a defendant moves to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and construe the pleadings in the light most favorable to the nonmoving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d at 1144-45. It is difficult to see why, under this standard, Plaintiff's allegations concerning time-barred discriminatory acts would be inappropriate. So long as those allegations can be construed as "background evidence," and that construction is favorable to Plaintiff, their presence may assist Plaintiff in staving off a Rule 12(b)(6)-based dismissal attempt. Third, any potential for mischief posed by the presence of those allegations is mitigated by Plaintiff's concession in her response brief that her complaint is only intended to state a claim for discrimination based on discrete acts of discrimination that were timely included in her Final Charge. For these reasons, "[t]he Court will deny [the defendant's] motion to dismiss these allegations, but will proceed with the understanding that they do not purport to set forth claims." *Johnson v. Fed. Exp. Corp.*, 2015 WL 1711850, *5 (D. Ariz. 2015).

Notwithstanding all of this, Wells Fargo argues that the allegations in paragraphs 79, 81, 82, 88, and 89 cannot possibly be intended for the limited purpose of providing "background evidence" because they "are included in Counts I and II of the Complaint,

- 12 -

Plaintiff alleges in the Complaint that the conduct alleged within those Counts constitutes unlawful discrimination, and in her prayer for relief, Plaintiff requests judgment in her favor for her claims." (Doc. 12 at 2.) But the mere fact that certain allegations are contained within a single count says almost nothing about whether they are intended to function as background evidence or independent claims. The bottom line is that "a claim is the *aggregate* of operative facts which give rise to a right enforceable in the courts" *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (emphasis added) (cleaned up), and Wells Fargo has not explained how the *disaggregated* facts in paragraphs 79, 81, 82, 88, and 89 each necessarily constitute a separate claim. At any rate, Plaintiff has now clarified that all of the allegations regarding time-barred conduct are only intended to serve as background evidence in support of her disparate-treatment claims.

2. <u>Claim Preclusion</u>

Wells Fargo also argues that "claims which Plaintiff agreed to dismiss with prejudice in her first lawsuit should also be dismissed with prejudice in this action" and thus "any claims in Plaintiff's Complaint which pre-date the First Lawsuit's March 8, 2023 Cut-Off Date must be dismissed with prejudice." (Doc. 10 at 11-12, capitalization omitted.) Although Wells Fargo's briefing on this point isn't entirely clear, it appears Wells Fargo seeks dismissal (or partial dismissal) based on claim preclusion.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "[F]or res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Id.* The Court applies "the res judicata rule of the jurisdiction that heard the initial case." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 n.2 (9th Cir. 2017). Thus, federal law applies here. *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 n.6 (9th Cir. 2019) ("Because the decision to be given preclusive effect was rendered by a federal court exercising federal-question jurisdiction, federal common law determines whether preclusion applies.").

1   Wells Fargo has failed to carry its burden of establishing the required elements of
2   claim preclusion. *Media Rights Techs., Inc.*, 922 F.3d at 1021. Wells Fargo only addresses
3   one of the three criteria, arguing there was a final judgment on the merits in *Bond I* because
4   the parties stipulated to dismiss Plaintiff's claims with prejudice. (Doc. 10 at 11; Doc. 12
5   at 7.) But even assuming the Court can take judicial notice of the fact there was an identity
6   of parties in *Bond I* and *Bond II*, Wells Fargo has not explained why the third criterion—
7   identity of claims—is also satisfied. Nor is it obvious how that criterion could be satisfied
8   given the determination in Part II.B.1 above that the references in the complaint to earlier
9   alleged acts of discrimination are not intended to be independently actionable and are only
10  being offered to provide "background evidence" in support of Plaintiff's new claims of
11  discrimination and retaliation.

12  At any rate, courts consider four separate factors when evaluating whether an
13  identity of claims exists: "(1) whether the two suits arise out of the same transactional
14  nucleus of facts; (2) whether rights or interests established in the prior judgment would be
15  destroyed or impaired by prosecution of the second action; (3) whether the two suits
16  involve infringement of the same right; and (4) whether substantially the same evidence is
17  presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987
18  (9th Cir. 2005). Courts do not apply these criteria "mechanistically." *Id.* And some courts
19  have declined to apply claim preclusion to cases arising out of related patterns of
20  employment discrimination. *See, e.g.*, *Lobban v. Cromwell Towers Apartments, Ltd.
21  P'ship*, 345 F. Supp. 3d 334, 346 (S.D.N.Y. 2018) ("The claims of workplace
22  discrimination do not strike the Court as part of the same nucleus of operative facts as the
23  termination claim."). Because Wells Fargo fails to address any of these factors or
24  otherwise explain why an identity of claims exists, Wells Fargo has not met its burden of
25  establishing claim preclusion.
26      …
27      …
28      …

- 14 -

Accordingly,

**IT IS ORDERED** that Wells Fargo's motion to dismiss (Doc. 10) is **denied**.

Dated this 8th day of April, 2025.

Dominic W. Lanza
United States District Judge